**CALLARI PARTNERS LLC**
Carollynn H.G. Callari, Esq.
Deanna D. Boll, Esq.
90 Washington Valley Road
Bedminster, New Jersey 07921
Telephone: (732) 243-0164

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**VINCENT P. FALCI and DONNA M. FALCI,**<br><br>**Debtors.** | Case No. 17-12054 (MBK)<br><br>Honorable Michael B. Kaplan, U.S.B.J.<br><br>Chapter 7 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CERTAIN SABER INVESTORS TO CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER EXTENDING STATUTE OF LIMITATIONS UNDER 11 U.S.C. §§ 546, 549**

Joseph LoMonaco, Elizabeth LoMonaco, Christopher LoMonaco, John Drucker, Jane Drucker, Peter Lucyk, Jeffrey Siegel, John Kardel, Katiejo Kardel Phelps, Bernard Chenoweth, Donna Chenoweth, and Belford Engine Company No. 1 (collectively, the "Certain Saber Investors" or the "Objecting Parties") by and through undersigned counsel, Callari Partners LLC, hereby file the limited objection and reservation of rights to the Motion of the Chapter 7 Trustee for Entry of An Order Extending the Statute of Limitations Under 11 U.S.C. §§ 546 and 549.

1

## BACKGROUND

1. The Debtors filed their cases on February 1, 2017, essentially in response to a Motion by the State Attorney General's office to Enforce Litigant's Rights regarding the Debtors' and the Debtors' companies' securities fraud that was otherwise subject to a 2015 consent order requiring millions of dollars of payments to aggrieved victims (which went unpaid in their entirety) and certain fines and penalties to the State of New Jersey (which were paid, at least in part). These facts are not in dispute.

2. Certain Saber Investors are creditors in this case who timely filed proofs of claim and who timely filed an adversary proceeding (Adv. Pr. 17-01311) objecting to the Debtors' discharge based on a variety of securities fraud-related counts, including, but not limited to, the fraud counts that were the subject of the State's earlier action.

3. The Court entered an order denying the Debtors' discharge of the Certain Saber Investors' claims, and judgments were entered in their favor on September 8, 2017.

4. The Debtors were denied discharge as to all creditor claims on November 16, 2017. See U.S. Trustee Adversary Pro. No. 17-01424.

5. Since that time, the Chapter 7 Trustee abandoned all real property in favor of secured creditors and no monies were brought into the estate on behalf of unsecured creditors.

6. Beyond that, the Chapter 7 Trustee indicated in his certification in support of this Motion that he did his due diligence and after a year and a half into the case, he sent notices pursuant to Bankruptcy Rule 2004, for depositions of "certain entities/individuals with knowledge of the Debtor's financial affairs" and was unable to complete those depositions because of a criminal case involving one of the Debtors. Orr. Cert. at 10-11. It should be noted that one of the Debtors was not subject to the

criminal proceedings, and neither of the Debtors were subject to discharge in this case, yet there are judgments as to these Debtors that were entered by this Court, pursuant to numerous timely-filed adversary proceedings a year and a half ago.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

7. The Objecting Parties support the Trustee's efforts in extending time to finish taking depositions in order to ascertain whether the Trustee can bring avoidance actions, and they reserve all rights whether to support future motions to extend time to bring avoidance actions.

8. At this time, if the Trustee needs to take a deposition or more than one deposition in order to ascertain if there are assets to recover for the benefit of unsecured creditors, the Objecting Parties support that effort.

9. However, it is the belief of the Objecting Parties that there is nothing in the record of this case – or the robust history that is fact-specific to the events leading up to this filing and continuing thereafter in terms of these Debtors -- that suggests that the Chapter 7 Trustee needs until August 2019 in order to complete discovery. The Chapter 7 Trustee can notice and take any outstanding deposition or depositions in order to determine if there is merit to move forward with avoidance actions in far shorter time than what was requested in the Motion.

10. Accordingly, the Objecting Parties ask that the Court reduce the time requested by the Chapter 7 Trustee to ninety (90) days from the date of the hearing to April 14, 2109, in which to take the deposition (or depositions) that may be outstanding as of May 2018, and then file a report with the Court regarding the status and set a status conference

hearing. It simply is unnecessary and over-reaching to continue to August 2019, as requested by the Chapter 7 Trustee, under the facts as they remain today.

WHEREFORE, the Certain Saber Investors submit the foregoing Limited Objection and Reservation of Rights in response to the Chapter 7 Trustee's Motion.

Respectfully submitted,

CALLARI PARTNERS LLC

<u>Deanna D. Boll</u>
Carollyn H.G. Callari, Esq
Deanna D. Boll, Esq.
90 Washington Valley Road
Bedminster, New Jersey 07921
Telephone: (732) 243-0164

*Counsel for Certain Saber Investors*